Steven E. Young, Esq. (State Bar No. 63278)
syoung@tocounsel.com
Allan L. Schare, Esq. (State Bar No. 126305)
aschare@tocounsel.com
THEODORA ORINGHER PC
1840 Century Park East, Suite 500
Los Angeles, California 90067-2120
Telephone: (310) 557-2009
Facsimile: (310) 551-0283

Attorneys for Petitioner GF FINANCIAL CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GF FINANCIAL CORPORATION, a BVI-registered foreign corporation,<br><br>Petitioner,<br><br>vs.<br><br>ALDAMISA ENTERTAINMENT LLC, a California limited liability company,<br><br>Respondent. | Case No.<br><br>**VERIFIED PETITION TO CONFIRM FOREIGN ARBITRATION AWARD**<br><br>(9 U.S.C. § 9)<br><br>Trial Date: None Set |

Petitioner GF Financial Corporation ("GF Financial") hereby petitions the Court pursuant to 9 U.S.C. § 9 for an order confirming an arbitration award (the "Award") issued by the London Court of International Arbitration (the "LCIA") in the matter titled *GF Financial Corporation and Aldamisa Entertainment LLC*, LCIA Arbitration No. 163290, and further requests that the Court enter Judgment thereon in favor of GF Financial.

This Petition is made on the following grounds:

## PARTIES

1. Petitioner GF Financial is a British Virgin Island ("BVI") registered company with registration number 235589. Its registered office is at the offices of Trident Trust

Company (B.V.I.) Limited, Trident Chambers, P.O. Box 146, Road Town, Tortola, British Virgin Islands.

2.  GF Financial is informed and believes and on that basis alleges that Respondent Aldamisa Entertainment LLC ("Aldamisa") is a California limited liability company with its registered address at 3835 E. Thousand Oaks Boulevard, Suite 363, Westlake Village, California 91362.

## JURISDICTION AND VENUE

3.  This Petition seeks confirmation of the Award in furtherance of its recognition and enforcement pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the "FAA") and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 9 U.S.C. § 201 et seq. (the "Convention" or the "New York Convention"). The Award is a New York Convention Award within the meaning of the FAA.

4.  This Court has original jurisdiction over the subject matter of this action pursuant to 9 U.S.C. § 203 and 28 U.S.C. § 1331.

5.  Venue is proper pursuant to 9 U.S.C. § 204.

## BACKGROUND

### The Arbitration Agreement

6.  On or about October 30, 2013, GF Financial and Aldamisa executed a written agreement entitled "Guarantee and Indemnity Restrictive Covenant Letter" (the "Guarantee") with GF Financial as lender, Aldamisa as guarantor, and a third party borrower as borrower ("Borrower"). A true and correct copy of the Guarantee is attached as **Exhibit A** hereto.

7.  The Guarantee was executed on behalf of Aldamisa by Sergei Bespalov, its co-chairman and on behalf of GF Financial by Geoffrey Piers Hemy.

8.  Pursuant to clause 1.2(a) of the Guarantee, Aldamisa irrevocably and unconditionally guaranteed the full, prompt, and complete performance by Borrower of all its obligations under a loan agreement, subject to an agreed interest rate of 12% per annum.

9. Pursuant to clause 1.2(b)(i) of the Guarantee, Aldamisa agreed to indemnify GF Financial upon demand against all losses, claims, costs, charges, and expenses incurred by GF Financial by reason of any breach by Aldamisa of the Guarantee.

10. The Guarantee contained an arbitration agreement (the "Arbitration Agreement") at clause 9.2 which states:

> Any dispute or difference arising out of or in connection with this letter or the legal relationships established by this letter, including any question regarding its existence, validity or termination, shall be referred to and finally resolved by arbitration under the LCIA Rules which Rules will be deemed to be incorporated by reference into this letter, save for any waiver of any rights the parties would otherwise have to any form of appeal or recourse to a court of law or other judicial authority, which rights are expressly reserved. The number of arbitrators shall be three. The seat of the arbitration shall be London. The language of the arbitration shall be English.

11. Borrower breached the terms of the underlying loan agreement by failing to make the required repayment, with interest, when due, triggering Aldamisa's guarantee obligation and obligation to indemnify GF Financial. Aldamisa failed to honor its guarantee obligations.

### The Arbitration and Award

12. On or about March 31, 2016, GF Financial commenced arbitration by serving a Request for Arbitration with the LCIA Court, pursuant to the terms of the Arbitration Agreement. On or about May 20, 2016, the LCIA Court selected and appointed three members of the Tribunal which would oversee the arbitral proceedings.

13. Over the course of the next few months, both GF Financial and Aldamisa exchanged correspondence with the Tribunal. At the Tribunal's request, GF Financial submitted an amended Statement of Case on or about July 29, 2016, and Aldamisa provided a Statement of Defence in response on or about August 4, 2016.

14. Notably, over the course of the arbitration proceedings and as observed by the LCIA Tribunal in the Award, a true and correct copy of which is attached hereto as **Exhibit B**, Aldamisa did not dispute the validity or enforceability of the Guarantee, nor did it challenge the meaning or effect of any provision of the Guarantee. *See* **Exhibit B** at p. 8 ¶ 39 and p. 9 ¶ 47.

15. Ultimately, after full consideration of the evidence presented by both GF Financial and Aldamisa, and following a hearing held on October 21, 2016, the Tribunal found Aldamisa's defense to be unpersuasive. On or about December 16, 2016, the Tribunal issued the Award in GF Financial's favor, thereby ordering Aldamisa to pay GF Financial:

    a.    US $1,500,000.00;

    b.    Interest accrued as at the date of the Award in the amount of US $560,163.80;

    c.    Post-Award simple interest on the principal of $1,500,000.00 from December 17, 2016 until the date of payment at 12% per annum;

    d.    Legal costs in the sum of £100,000.00 (British pounds); and

    e.    LCIA's administrative costs as well as the Tribunal's fees and disbursements in the sum of £49,798.03 (British pounds).

16. As of the date of this Petition, Aldamisa has not made any payment on this Award to GF Financial.

### The FAA and New York Convention Apply

17. The Award was issued by the LCIA in London, England. Both the United States of America and the United Kingdom are Contracting States pursuant to the New York Convention. Thus, the current matter is governed by the FAA and the New York Convention.

18. Under the New York Convention, any party to an arbitration falling under the Convention may apply to any court having jurisdiction for an order confirming the award as against the other party to the arbitration. *See* 9 U.S.C. § 207. Such court "*shall* confirm the

award" unless it finds one of the grounds for refusal specified in the Convention. *See id.* (emphasis supplied).

### None of the Enumerated Grounds for Refusal Exist

19. The grounds for refusal are interpreted narrowly, and the responding party bears the "substantial" burden of proof that any such grounds applies. *See e.g., Polimaster Ltd. v. RAE Sys., Inc.*, 623 F.3d 832, 836 (9th Cir. 2010). Such grounds are applicable only where the responding party proves it was legally incapacitated, that the Arbitration Agreement was not valid, that the responding party was not given notice of the arbitration, that the Award deals with matters outside the scope of the Arbitration Agreement, that the arbitral authority was not in accordance with the agreement of the parties, that the award is not yet binding, that the subject matter is incapable of settlement by arbitration, or that the award is contrary to public policy. *See* New York Convention, Art. V(1)(a)-(e) and (2)(a)-(b).

20. None of the enumerated grounds for refusal exists in this case. Having participated in the arbitral proceedings by exchanging correspondence with and submitting a Statement of Defence to the Tribunal overseeing the proceedings, Aldamisa lacks any good faith basis for denying the existence and validity of the Arbitration Agreement, asserting that it was not given notice of the arbitration, or asserting that the arbitral authority was not in accordance with the parties' agreement. As noted by the Tribunal in the Award, Aldamisa did not dispute the validity or enforceability of the Guarantee, nor did it challenge the meaning or effect of any provision of the Guarantee, including the clause containing the Arbitration Agreement. *See* **Exhibit B** at p. 8 ¶ 39 and p. 9 ¶ 47.

21. Aldamisa also is precluded from asserting that the Award is not yet binding or that the subject matter of the Award is incapable of settlement by arbitration. The Award is by its terms a final award and deals with a commercial matter, which is explicitly within the scope of the New York Convention. *See* 9 U.S.C. § 202.

22. Finally, recognition of the Award is not contrary to any public policy of this country, as there is a strong public policy in favor of recognition of such awards. *See e.g., Polimaster*, 623 F.3d at 836 ("[P]ublic policy in favor of international arbitration is strong.").

### GF Financial is Entitled to Confirmation of the Award

23. As no grounds for refusal apply, upon the submission of duly certified copies of the Arbitration Agreement and Award, GF Financial is entitled to confirmation of the Award in furtherance of its recognition and enforcement.

24. A true and correct copy of the Arbitration Agreement is attached hereto and as **Exhibit A**.

25. A true and correct copy of the certified Award is attached hereto as **Exhibit B**.

26. As such, given that no grounds for refusal apply and that duly certified copies of the Arbitration Agreement and Award are appropriately attached, the FAA mandates that the Court confirm the Award. *See* 9 U.S.C. § 9.

WHEREFORE, GF Financial prays that:

1. The Court enter an Order, pursuant to 9 U.S.C. § 207, confirming, recognizing and enforcing the Award against Aldamisa;

2. The Court enter judgment on the Award in favor of GF Financial and against Aldamisa in the following amounts:

   (a) in the amount of US $1,500,000.00 in respect of the principal sum owed by Aldamisa to GF Financial;

   (b) in the amount of US $560,163.80 in respect of interest to and including December 16, 2016,

   (c) post-Award simple interest on the sum of $1,500,000 from December 17, 2016 until date of Judgment, and thereafter until the date of payment, at the rate of 12% per annum;

   (d) in the amount of £100,000 (British pounds) in respect of the legal costs and associated disbursements incurred in respect of the arbitration, in United States Dollars at the prevailing exchange rate on the date of Judgment; and

(e) in the amount of £49,798.03 (British pounds) in respect of the LCIA's administrative costs and the Tribunal's fees and disbursements, in United States Dollars at the prevailing exchange rate on the date of Judgment.

3. The Court award GF Financial attorneys' fees and costs incurred in bringing this Petition; and

4. The Court award GF Financial such other and further relief as the Court deems just and proper.

DATED: December 3, 2019   THEODORA ORINGHER PC

By: _____
Steven E. Young
Allan L. Schare
Attorneys for Petitioner GF Financial Corporation

## VERIFICATION

I have read the foregoing VERIFIED PETITION TO CONFIRM FOREIGN ARBITRATION AWARD and know its contents.

I am an authorized representative of Petitioner GF Financial Corporation, a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Executed on December 3, 2019, at Poyntzfield, Scotland

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Geoffrey Piers Hemy

1188507.6/02843.99001

8

VERIFIED PETITION TO CONFIRM FOREIGN ARBITRATION AWARD